IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

```
TODD J. WHITEHEAD,             *
(AIS # 287908),                *
                               *
     Petitioner,               *
                               *
v.                             * CIVIL ACTION NO. 14-00148-CG-B
                               *
LOUIS BOYD,                    *
                               *
     Respondent.               *
```

## REPORT AND RECOMMENDATION

Petitioner Todd J. Whitehead, an inmate at Draper Correctional Facility ("Draper") in Elmore, Alabama, filed a petition seeking habeas corpus relief under 28 U.S.C. § 2254. (Doc. 1). In the petition, Whitehead challenges the validity of his 2013 convictions for two counts of first-degree rape, three counts of second-degree rape, three counts of incest, and one count of first-degree sexual abuse, in the Circuit Court of Houston County, Alabama. (Id. at 1).

28 U.S.C. § 2241(d) provides:

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application.

> The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

As noted *supra*, Petitioner was convicted in Houston County, Alabama and is incarcerated at the Draper facility. The Court takes judicial notice of the facts that Houston County falls within the Middle District of Alabama and that the Draper facility is located in Elmore, Alabama, which, in turn, is located in Elmore County, Alabama and that Elmore County also falls within the Middle District of Alabama. As such, neither Petitioner's place of conviction or his place of incarceration falls within this district; thus, venue is improper in the Southern District of Alabama.

Under 28 U.S.C. § 1406(a), when a complaint is filed laying venue in the wrong district, a district court may dismiss or, in the interests of justice, may transfer that action to any district in which it could have been brought. In applying § 1406(a), "the decision whether to transfer a case is left to the sound discretion of the district court and is reviewable only for an abuse of that discretion." <u>Roofing & Sheet Metal Services, Inc. v. La Quinta Motor Inns, Inc.</u>, 689 F.2d 982, 985 (11th Cir. 1982); <u>Minnette v. Time Warner</u>, 997 F.2d 1023, 1026 (2nd Cir. 1993) ("Whether dismissal or transfer is appropriate

lies within the sound discretion of the district court."). "Generally, the interests of justice [favor] transferring a case to the appropriate judicial district rather than dismissing it." Simpson v. Federal Bureau of Prisons, 496 F. Supp.2d 187, 194 (D.D.C. 2007); see also Kapordelis v. Danzig, 387 Fed. App'x 905 (11th Cir. 2010) (If a case is filed in the wrong district, the court must dismiss the case, or, in the interests of justice, transfer the case to any district in which it could have been brought); Gadson v. Unnamed Defendant, 2009 U.S. Dist. LEXIS 1176 (N.D. Ga. Jan. 9, 2009) (When venue is improper, the court may, in the interest of justice, transfer the case to a district court in which it could have been brought).

As noted, Petitioner is challenging his convictions rendered in Houston County, Alabama and is incarcerated at the Draper facility in Elmore, Alabama – both of which fall within the Middle District of Alabama. Accordingly, pursuant to 28 U.S.C. § 2241(d), the proper venue for this action is the Middle District of Alabama. Rather than recommending dismissal, the undersigned finds that, in the interests of justice, this action should be transferred to the United States District Court for the Middle District of Alabama. It is so recommended.

### Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who

objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. ALA. L.R. 72.4. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **1st** day of **April, 2014.**

                                              **/s/ SONJA F. BIVINS**
                                  **UNITED STATES MAGISTRATE JUDGE**